Bryce Kunimoto (Bar No. 7781)
**HOLLAND & HART LLP**
9555 Hillwood Dr., 2nd Floor
Las Vegas, NV 89134
Tel: 702-669-4600
BKunimoto@hollandhart.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

Aristocrat Interactive S.a r.l, a Luxembourg private limited liability company; Aristocrat Technologies, Inc., a Nevada corporation; Aristocrat Technologies Australia Pty. LTD., an Australian proprietary limited company; Video Gaming Technologies, Inc., a Tennessee corporation,

Plaintiffs,

v.

New Starbreeze Publishing AB, a Swedish limited liability company; Starbreeze USA, Inc., a Delaware corporation; StarBreeze LA Inc., a Delaware corporation,

Defendants.

**Case No.:**

**COMPLAINT**

**JURY DEMAND**

Plaintiffs Aristocrat Technologies, Inc., Aristocrat Interactive S.à r.l., Aristocrat Technologies Australia Pty. LTD., and Video Gaming Technologies, Inc. (collectively, "Aristocrat") bring this Complaint for declaratory judgment of noninfringement, false advertising under 15 U.S.C. § 1125(a), and deceptive trade practices under Nevada law against Defendants New Starbreeze Publishing AB, Starbreeze USA, Inc., and StarBreeze LA Inc. (collectively, "Starbreeze" or "Defendants"), and allege as follows:



HOLLAND & HART LLP
9555 HILLWOOD DR., 2ND FLOOR
LAS VEGAS, NV 89134

HOLLAND & HART LLP
9555 HILLWOOD DR., 2ND FLOOR
LAS VEGAS, NV 89134

## NATURE OF THE ACTION

1. Aristocrat is one of the world's leading providers of casino games, gaming technology, and customer experience solutions. It owns numerous PAYDAY-formative marks to offer casino and slot games, gaming machines, real-money gaming apps, and online and social casino games of chance, including OPERATION: PIGGY PAYDAY since at least as early as 2012. Its products are primarily sold to licensed casino operators and are offered to adult players through age-gated channels.

2. On information and belief, Defendants publish a series of "heist fantasy" cooperative, first-person shooter video games sold under the marks PAYDAY 2, PAYDAY 3, PAYDAY 2 VR, and PAYDAY THE HEIST through consumer video game storefronts such as Steam, the Epic Games Store, Xbox, Nintendo, and PlayStation.

3. The parties' respective goods and services, trade channels, and purchasers are different, and their marks convey different commercial impressions. Moreover, the parties' marks have coexisted in the United States for years without, to Aristocrat's knowledge, any instances of actual confusion.

4. Recently, however, Defendants have asserted that Aristocrat's use and registration of its PAYDAY-formative marks give rise to claims against Aristocrat, both in communicating directly with Aristocrat and in filings with the Trademark Trial and Appeal Board (TTAB).

5. Defendants have asserted that they have "claims" regarding Aristocrat's use of the marks (which they will waive only if Aristocrat accedes to demands that Aristocrat has refused), that Aristocrat's PAYDAY-formative marks are "confusingly similar," and that Aristocrat's use and registration of the marks will cause Defendants "grave and irreparable damage." Aristocrat is thus forced to bring this action to resolve Defendants' threats of infringement liability and damages if Aristocrat continues its use of these marks.

6. Aristocrat is entitled to a declaration that its use and registration of its PAYDAY-formative marks for its chance game offerings do not infringe any valid right of Defendants, so it is not forced to continue to operate its business under the threat of claims from Defendants.

7. On information and belief, Defendants also falsely represent to the U.S. public, including Nevada consumers, that “PAYDAY” standing alone is a federally registered trademark owned by Starbreeze. Defendants use the federal registration symbol ® with the term PAYDAY alone on their U.S.-facing website and state that “PAYDAY is a registered trademark of STARBREEZE.” Defendants own no United States registration for PAYDAY standing alone. These statements are false, material, and likely to deceive consumers and competitors about the scope of Defendants’ rights, and they are actionable under 15 U.S.C. § 1125(a).

**PARTIES, JURISDICTION, AND VENUE**

8. Plaintiff Aristocrat Technologies, Inc. is a corporation organized and existing under the laws of the State of Nevada with a principal place of business at 10220 Aristocrat Way, Las Vegas, Nevada 89135.

9. Plaintiff Aristocrat Interactive S.à r.l. is a société à responsabilité limitée organized and existing under the laws of the Grand Duchy of Luxembourg with its principal place of business at 63-65, rue de Merl, L-2146 Luxembourg. Aristocrat Interactive S.à r.l. is an affiliate of Aristocrat Technologies, Inc. and is the owner of the pending applications for PICNIC PAYDAY and BIG DAY PAYDAY identified below.

10. Plaintiff Aristocrat Technologies Australia Pty. LTD. is a proprietary limited company organized under the laws of Australia with an address of 85 Epping Road, Building A - Pinnacle Office Park, North Ryde, Australia NSW2113.

11. Plaintiff Video Gaming Technologies, Inc. is a Tennessee corporation with an address at 3401 Mallory Lane, Suite 300, Franklin, Tennessee 37067.

12. On information and belief, Defendant New Starbreeze Publishing AB is an aktiebolag, organized under the laws of Sweden with a principal place of business at Birger Jarlsgatan 61, Stockholm, 113 56, Sweden.

13. On information and belief, Defendant Starbreeze USA, Inc. is a Delaware corporation with a principal place of business at 8484 Wilshire Blvd Ste 870 Beverly Hills, California, 90211.

HOLLAND & HART LLP
9555 HILLWOOD DR., 2ND FLOOR
LAS VEGAS, NV 89134

HOLLAND & HART LLP
9555 HILLWOOD DR., 2ND FLOOR
LAS VEGAS, NV 89134

14. On information and belief, Defendant StarBreeze LA Inc. is a Delaware corporation with a principal place of business at 8484 Wilshire Blvd Ste 870 Beverly Hills, California, 90211.

15. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Lanham Act, 15 U.S.C. § 1125(a).

16. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.

17. This Court has supplemental jurisdiction over the Nevada deceptive trade practices claim under 28 U.S.C. § 1367(a) because that claim forms part of the same case or controversy as the federal claims.

18. This Court also has jurisdiction over declaratory relief under 28 U.S.C. § 2201.

19. As set forth in greater detail below, under the circumstances there is a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant declaratory relief. Defendants, through counsel, have asserted that they presently hold claims against Aristocrat arising from Aristocrat's use of its PAYDAY-formative marks, that there is a likelihood of confusion between the marks, and that Aristocrat's use will cause Defendants "grave and irreparable damage."

20. Defendants' conduct is not limited solely to the actions at the TTAB. In communicating with Aristocrat, Defendants have indicated that they hold "claims" against Aristocrat based on its use of its PAYDAY-formative marks, which they will only waive if Aristocrat agrees to their demands.

21. Defendants have demanded that Aristocrat withdraw its applications, cancel its registrations, and refrain from registering any mark incorporating PAYDAY in Classes 9 or 41, and have conditioned any waiver of Defendants' claims on Aristocrat's compliance with these demands.

22. Aristocrat has used and continues to use its PAYDAY-formative marks for its offerings in U.S. commerce, intends to continue doing so, and has declined Defendants' demands.

HOLLAND & HART LLP
9555 HILLWOOD DR., 2ND FLOOR
LAS VEGAS, NV 89134

23. Defendants have already carried out some of their threats by taking affirmative steps before the TTAB to oppose Aristocrat's PICNIC PAYDAY and BIG DAY PAYDAY applications and to cancel Aristocrat's registration for its PAGODA PAYDAY mark. Absent a declaration from this Court, Aristocrat faces ongoing uncertainty as to whether Defendants will also carry out their threat to assert claims against Aristocrat for its continued use of its established brands. Aristocrat therefore faces a real and immediate threat of an infringement suit and must choose between abandoning its established brands and continuing its activity under the threat of liability.

24. This Court has personal jurisdiction over Defendants because Defendants purposefully directed their conduct at Nevada, and Aristocrat's claims arise out of and relate to that conduct. Aristocrat's U.S. headquarters are located in Las Vegas, Nevada, and it employs over 1,200 people in Nevada. Defendants have acknowledged Aristocrat is headquartered in Nevada, and therefore were aware the harm from Defendants' conduct is suffered in Nevada.

25. As set forth in greater detail below, Defendants contacted Aristocrat employees, including employees in Nevada, demanded that Aristocrat withdraw its applications and cancel its trademark registrations, including registrations owned by Nevada corporation Aristocrat Technologies, Inc., and asserted that Defendants hold present claims for trademark infringement against Aristocrat for its use of the PAYDAY-formative marks.

26. In addition, on information and belief, Defendants advertise, promote, and sell their PAYDAY-branded games to Nevada residents, including through their U.S.-facing website and digital storefronts available in Nevada, using the false representation that Defendants own a federal registration for the mark PAYDAY. On information and belief, Defendants have also promoted their PAYDAY games at events in Nevada, including at the 2026 D.I.C.E. Summit[1] and the SALT Conference.[2] Exercising jurisdiction over Defendants

[1] https://www.dicesummit.org/dice_schedules/2026_schedule.asp

[2] https://news.cision.com/starvr/r/starvr--starbreeze-and-acer-showcases-the-future-of-enterprise-in-virtual-reality-at-the-salt-confer,c2420799

is reasonable and comports with fair play and substantial justice.

27. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because, as discussed above and below, Defendants have directed activities to residents of Nevada and a substantial part of the events giving rise to the claims occurred, and the harm to Aristocrat is felt, in this District. Venue is also proper as to Defendant New Starbreeze Publishing AB under 28 U.S.C. § 1391(c)(3) because it is not resident in the United States.

## BACKGROUND

### Aristocrat's PAYDAY Marks

28. Aristocrat is a premium provider of casino games, innovative gaming technology, and customer experience solutions. Aristocrat supports every facet of gaming floor operations, including casino game design, gaming hardware, systems, and service, and it offers online and social casino games of chance to adult players through age-gated channels.

29. Since at least as early as 2012, Aristocrat has continuously used PAYDAY-formative marks in United States commerce in connection with casino and slot games, gaming machines, and online and social casino games of chance, including the marks BIG DAY PAYDAY, PICNIC PAYDAY, PAGODA PAYDAY, PIGGIE PAYDAY, OPERATION: PIGGY PAYDAY, CASH TRACK PIGGIE PAYDAY, and LUCKY DUCKY BIG PAYDAY.

30. Aristocrat has invested substantial resources in developing, promoting, and advertising its PAYDAY-formative brands, and those brands have achieved substantial commercial success. As a result of Aristocrat's continuous use, promotion, and investment, Aristocrat owns valuable trademark rights and goodwill in its PAYDAY-formative marks.

31. In recognition of Aristocrat's rights and goodwill, Aristocrat and its affiliates own the following United States trademark registrations and applications for PAYDAY-formative marks:

HOLLAND & HART LLP
9555 HILLWOOD DR., 2ND FLOOR
LAS VEGAS, NV 89134

| Mark | Dates | Goods and Services | Owner |
|---|---|---|---|
| **BIG DAY PAYDAY**<br>SN: 99671373 | Published, June 16, 2026 | Int'l Class: 41 | Aristocrat Interactive S.A R.L |
| **BUFFALO PAYDAY**<br>SN: 98865835 | Application allowed, July 8, 2025 | Int'l Class: 41 | Aristocrat Technologies Australia Pty. LTD. |
| **BUFFALO PAYDAY**<br>SN: 98865831 | Application allowed, July 8, 2025 | Int'l Class: 09 | Aristocrat Technologies Australia Pty. LTD. |
| **CASH TRACK PIGGIE PAYDAY**<br>RN: 6831510<br>SN: 90852545 | Registered, August 30, 2022 | Int'l Class: 28 | Aristocrat Technologies, Inc. |
| **LUCKY DUCKY BIG PAYDAY**<br>RN: 6420467<br>SN: 88361810 | Renewed, September 16, 2026 | Int'l Class: 28 | Video Gaming Technologies, Inc. |
| **PAGODA PAYDAY**<br>RN: 8355954<br>SN: 97435778 | Registered, July 21, 2026 | Int'l Class: 09 | Aristocrat Technologies, Inc. |
| **PICNIC PAYDAY**<br>SN: 99591301 | Published, May 26, 2026 | Int'l Class: 41 | Aristocrat Interactive S.A R.L |
| **PIGGIE PAYDAY**<br>RN: 6775952<br>SN: 90392879 | Registered, June 28, 2022 | Int'l Class: 28 | Aristocrat Technologies, Inc. |
| **SNOWDAY PAYDAY**<br>SN: 99895057 | Pending Application, filed June 19, 2026 | Int'l Class: 09 | Aristocrat Technologies, Inc. |
| **SNOWDAY PAYDAY**<br>SN: 99895062 | Pending Application, filed June 19, 2026 | Int'l Class: 41 | Aristocrat Technologies, Inc. |

HOLLAND & HART LLP
9555 HILLWOOD DR., 2ND FLOOR
LAS VEGAS, NV 89134

| Mark | Dates | Goods and Services | Owner |
|---|---|---|---|
| **TIGER PAYDAY**<br>SN: 99164215 | Application allowed, August 19, 2025 | Int'l Class: 41 | Aristocrat Technologies Australia Pty LTD |
| **TIGER PAYDAY**<br>SN: 99164218 | Application allowed, August 19, 2025 | Int'l Class: 09 | Aristocrat Technologies Australia Pty LTD |

32. The registrations and applications identified above, together with the common law rights that Aristocrat has developed through its continuous use of PAYDAY-formative marks in United States commerce, are referred to collectively as "Aristocrat's PAYDAY Marks."

33. The goods and services identified in the filings above, together with Aristocrat's common law offerings, are referred to as the "Aristocrat Chance Game Offerings."

**Defendants' Distinguishable Offerings**

34. On information and belief, Starbreeze is an independent developer, publisher, and distributor of video games.

35. On information and belief, Starbreeze offers "heist fantasy" cooperative first-person shooter video and online games under PAYDAY-formative marks. Starbreeze sells and distributes these games through Steam, the Epic Games Store, Xbox, Nintendo, and PlayStation for play on personal computers and game consoles.

36. On information and belief, Defendants own the following United States trademark registrations and pending application:

| Mark | Dates | Goods and Services |
|---|---|---|
| **PAYDAY 2 and Design**<br>PAYDAY2<br>RN: 4877380<br>SN: 86634544 | Renewed: August 8, 2025 | Int'l Class: 06, 09, 18, 21, 25, 28 |

HOLLAND & HART LLP
9555 HILLWOOD DR., 2ND FLOOR
LAS VEGAS, NV 89134

| Mark | Dates | Goods and Services |
|---|---|---|
| **PAYDAY 2 VR**<br>RN: 5997536<br>SN: 87715515 | Renewed, May 8, 2026 | Int'l Class: 09, 41 |
| **PAYDAY 3 and Design**<br>RN: 7497829<br>SN: 79370983 | Registered, September 10, 2024 | Int'l Class: 09, 41 |
| **PAYDAY THE HEIST**<br>RN: 4892072<br>SN: 86630175 | Renewed, April 2, 2026 | Int'l Class: 09, 28 |
| **PAYDAY**<br>SN: 79365323 | Pending Application, filed January 16, 2023 | Int'l Class: 09, 25, 28, 41 |

37. On information and belief, New Starbreeze Publishing AB owns the above trademark registrations and application, and makes filings before the U.S. Patent and Trademark Office. On information and belief, Defendants Starbreeze USA, Inc. and StarBreeze LA Inc. are the U.S. operating subsidiaries of New Starbreeze Publishing AB and participate in the U.S. marketing, promotion, and sale of the PAYDAY-branded games at issue.

38. Defendants do not own a United States trademark registration for the term PAYDAY standing alone. Defendants' United States application for PAYDAY, Serial No. 79365323, is currently suspended.

**Defendants' Threats of Infringement Claims Against Aristocrat**

39. Despite the parties' coexistence for at least 14 years, Defendants have begun a campaign against Aristocrat, threatening Aristocrat with claims of infringement, cancellation of Aristocrat's PAYDAY Marks, and liability for "grave and irreparable damage."

40. On June 24, 2026, Defendant New Starbreeze Publishing AB filed requests for Extensions of Time to Oppose Aristocrat's trademark applications for PICNIC PAYDAY and BIG DAY PAYDAY (Application Serial Nos. 99591301 and 99671373).

HOLLAND & HART LLP
9555 HILLWOOD DR., 2ND FLOOR
LAS VEGAS, NV 89134

41. Defendants then contacted Aristocrat with a list of demands that Aristocrat would have to meet to avoid the filing of oppositions, and made additional threats if Aristocrat did not comply, including seeking cancellation of registrations already obtained by Aristocrat.

42. In an email to Aristocrat dated August 26, 2026, Starbreeze, through its counsel, demanded that Aristocrat withdraw its applications and/or cancel its registrations identified above. Starbreeze further demanded that Aristocrat not register any trademarks incorporating PAYDAY, in any form or design or alone, in Classes 9 or 41.

43. Starbreeze did not merely dispute Aristocrat's registrations and applications. Starbreeze went a step further, and indicated that it believed it has trademark infringement claims against Aristocrat. Specifically, Starbreeze stated: "Provided Aristocrat complies with the above terms, New Starbreeze will waive all claims relating to Aristocrat **use** of PAYDAY marks prior to execution of the agreement." (Emphasis added).

44. By asserting a potential waiver of all claims relating to Aristocrat's "use" of PAYDAY marks, Starbreeze asserted that it presently holds claims against Aristocrat arising from Aristocrat's use of Aristocrat's PAYDAY Marks.

45. Aristocrat has not complied with Defendants' demands. Aristocrat continues to use Aristocrat's PAYDAY Marks in U.S. commerce, including in Nevada, and intends to continue to do so and to pursue registration of its pending applications. Aristocrat responded to Defendants' demands indicating as much, and Defendants have not withdrawn their claims. Instead, Defendants have followed through with their threats.

46. On October 14, 2026, Defendant New Starbreeze Publishing AB filed a Notice of Opposition (Opposition No. 91311159) at the TTAB against Aristocrat's trademark applications for PICNIC PAYDAY and BIG DAY PAYDAY alleging a likelihood of confusion.

47. On October 14, 2026, Defendant New Starbreeze Publishing AB filed a TTAB petition to cancel (Cancellation No. 92093085) against Aristocrat's U.S. trademark registration for PAGODA PAYDAY (Reg. No. 8355954).

48. In both filings, Defendants allege that Aristocrat's PAYDAY Marks are

HOLLAND & HART LLP
9555 HILLWOOD DR., 2ND FLOOR
LAS VEGAS, NV 89134

"confusingly similar" to Defendants' registered and common law rights, that Aristocrat's use, as well as its registration, of Aristocrat's PAYDAY Marks "will inevitably lead to confusion, to mistake, or to deception of the public" and will cause Defendants "grave and irreparable damage."

49. Absent a declaration from this Court, Aristocrat faces ongoing uncertainty and the threat of litigation regarding its continued use of its established brands. Specifically, Defendants have followed through on their other threats and Aristocrat faces the uncertainty of whether Aristocrat will also be faced with the claims that Defendants indicated they would waive only upon Aristocrat's compliance with Defendants' demands.

**Lack of Confusion Between The Parties' Marks**

50. Aristocrat's PAYDAY Marks, as used for the Aristocrat Chance Game Offerings, are not likely to cause confusion, mistake, or deception with respect to any mark used or registered by Defendants.

51. The United States Patent and Trademark Office has examined and registered marks of both parties. Aristocrat's LUCKY DUCKY BIG PAYDAY, PIGGIE PAYDAY, CASH TRACK PIGGIE PAYDAY, PAGODA PAYDAY, and (now-inactive) OPERATION: PIGGY PAYDAY registrations issued notwithstanding Defendants' prior-registered PAYDAY2, PAYDAY THE HEIST, PAYDAY 2 VR, and PAYDAY3 registrations, and Aristocrat's BUFFALO PAYDAY and TIGER PAYDAY applications were allowed in July 2025 and August 2025, respectively, and PICNIC PAYDAY and BIG DAY PAYDAY applications were approved for publication and published for opposition on May 26, 2026 and June 16, 2026, respectively.

52. On information and belief, the parties' marks have coexisted in the United States marketplace for at least 14 years.

53. Aristocrat is not aware of any instance of actual confusion between Aristocrat's PAYDAY Marks and any mark used by Defendants during that substantial period of coexistence.

54. The parties' goods and services are materially different. The Aristocrat Chance

HOLLAND & HART LLP
9555 HILLWOOD DR., 2ND FLOOR
LAS VEGAS, NV 89134

Game Offerings are games of chance and games for wagers used in casinos and online gambling platforms that are age-gated for over 18 or 21 years of age. On information and belief, Defendants offer cooperative first-person shooter video games built around a "heist fantasy" narrative, which are games of skill, do not involve wagering, that are played via consoles and PC gaming clients, and can be played by any age consumer.

55. The parties' trade channels and purchasers are materially different.

56. The parties' marks are materially different in appearance, sound, connotation, and commercial impression.

57. On information and belief, Defendants' marks are PAYDAY 2, PAYDAY 3, PAYDAY 2 VR, and PAYDAY THE HEIST.

58. Each of Aristocrat's PAYDAY Marks pairs the term PAYDAY with a distinctive and dominant leading term, such as PICNIC, BIG DAY, PAGODA, PIGGIE, CASH TRACK PIGGIE, TIGER, BUFFALO, SNOWDAY, or LUCKY DUCKY BIG.

59. PAYDAY-formative marks are widely used across various gaming industries, and consumers rely on distinctive additional terms of such marks to identify source.

60. Aristocrat's use and registration of Aristocrat's PAYDAY Marks for the Aristocrat Chance Game Offerings therefore do not infringe any valid trademark right of Defendants.

**Defendants' False Advertising and Deceptive Trade Practices**

61. Defendants operate a United States-facing website at www.paydaythegame.com through which they advertise, promote, and offer for sale their PAYDAY-branded video games to consumers in the United States, including consumers in Nevada.

62. Defendants display the federal registration symbol ® immediately after the term PAYDAY on that website. A true and correct copy of the relevant pages, with annotations, is attached as Exhibit 1.

63. Defendants' United States-facing website further states that "PAYDAY is a registered trademark of STARBREEZE." *See* Exhibit 1 at 005-007.

64. Those representations are false. Defendants own no United States registration for



HOLLAND & HART LLP
9555 HILLWOOD DR., 2ND FLOOR
LAS VEGAS, NV 89134

HOLLAND & HART LLP
9555 HILLWOOD DR., 2ND FLOOR
LAS VEGAS, NV 89134

the term PAYDAY standing alone. Defendants' only United States application for PAYDAY, Serial No. 79365323, remains suspended and has not registered.

65. Defendants' representations are made in commercial advertising and promotion, are disseminated to the relevant purchasing public in interstate commerce, and are material because the existence and scope of a federal trademark registration influences the purchasing, licensing, and other decisions of consumers, licensees, retailers, platform operators, and competitors.

66. Defendants' false representations of exclusive registered rights and Defendants' assertion that they have infringement claims against Aristocrat are likely to deter third parties, including Aristocrat's existing and prospective licensees, distributors, and platform partners, from doing business with Aristocrat under Aristocrat's PAYDAY Marks, which is likely to cause Aristocrat lost sales, licensing opportunities, and harm to its commercial reputation and goodwill.

## <u>FIRST CLAIM FOR RELIEF</u>

### Declaratory Judgment of Noninfringement

67. Aristocrat incorporates the preceding paragraphs as though set forth fully herein.

68. Defendants have opposed Aristocrat's PICNIC PAYDAY and BIG DAY PAYDAY applications.

69. Defendants have petitioned to cancel Aristocrat's PAGODA PAYDAY registration.

70. Separate and apart from their TTAB filings, Defendants have asserted, through counsel, that they hold present claims against Aristocrat arising from Aristocrat's use of Aristocrat's PAYDAY Marks, and have offered to "waive all claims relating to Aristocrat use of PAYDAY marks" only if Aristocrat complies with Defendants' demands.

71. Defendants have not withdrawn those claims, and Aristocrat has refused to comply with Defendants' demands. Defendants have further alleged that Aristocrat's use of Aristocrat's PAYDAY Marks "will inevitably lead to confusion, to mistake, or to deception of the public" and will cause Defendants "grave and irreparable damage," which are the core

allegations of a claim for trademark infringement and unfair competition.

72. The TTAB may determine only the right to register a mark. It cannot determine whether Aristocrat's use of Aristocrat's PAYDAY Marks infringes any right of Defendants, and it cannot award relief for such use. The pending TTAB proceedings therefore will not resolve the use-based claims Defendants have asserted, and only a declaration from this Court can remove the threat of liability that Defendants have placed over Aristocrat's continued use of its established brands.

73. Because Aristocrat has continued, and intends to continue, its use of Aristocrat's PAYDAY Marks despite Defendants' assertion of claims arising from that use, there is an actual, substantial, and immediate controversy between the parties regarding whether Aristocrat's use infringes any right of Defendants, sufficient to warrant declaratory relief.

74. Aristocrat disputes that its use or registration of Aristocrat's PAYDAY Marks infringes any valid right of Defendants.

75. Aristocrat's use of Aristocrat's PAYDAY Marks for the Aristocrat Chance Game Offerings is not likely to cause confusion, mistake, or deception as to the source, sponsorship, affiliation, or approval of the parties' respective goods and services, and does not infringe any valid trademark right of Defendants.

76. Thus, Aristocrat seeks a declaratory judgment from this Court that Aristocrat's use and registration of Aristocrat's PAYDAY Marks do not infringe or violate any alleged trademark rights of Starbreeze.

## SECOND CLAIM FOR RELIEF

### False Advertising in Violation of 15 U.S.C. § 1125(a)

77. Aristocrat incorporates the preceding paragraphs as though set forth fully herein.

78. On information and belief, Defendants have made and continue to make false or misleading statements of fact in commercial advertising and promotion, including that Defendants have a federal registration for the PAYDAY mark alone by using the ® symbol on their website and in advertisements to consumers.

79. On information and belief, those statements actually deceive, or have the

HOLLAND & HART LLP
9555 HILLWOOD DR., 2ND FLOOR
LAS VEGAS, NV 89134

tendency to deceive, a substantial segment of the audience to which they are directed.

80. On information and belief, the deception is material.

81. On information and belief, Defendants have caused their false or misleading statements to enter interstate commerce, including in Nevada, through their United States-facing website and other means.

82. Aristocrat has been and is likely to continue to be injured as a direct and proximate result of Defendants' false or misleading statements.

83. On information and belief, Defendants' conduct is knowing, willful, and deliberate.

**THIRD CLAIM FOR RELIEF**

**Nevada Deceptive Trade Practices (NRS §§ 598.0903, et seq.)**

84. Aristocrat incorporates the preceding paragraphs as though set forth fully herein.

85. On information and belief, Defendants, in the course of their business, have knowingly made false representations in commercial advertising and promotion, including by falsely representing that Defendants have a federal registration for the PAYDAY mark alone and by using that representation in connection with goods and services offered for sale (e.g., using the ® symbol on their website and in advertisements to consumers).

86. Defendants' conduct constitutes deceptive trade practices under NRS § 598.0915 because Defendants knowingly made false representations as to the source, sponsorship, approval, certification, status, affiliation, connection, and/or association of PAYDAY in transactions involving Defendants' goods and services.

87. Defendants' false representations are of material fact.

88. On information and belief, Defendants' conduct is knowing, willful, and deliberate.

89. Aristocrat has been and is likely to continue to be injured as a direct and proximate result of Defendants' false or misleading statements.

**JURY DEMAND**

Aristocrat demands a trial by jury of all issues so triable.



HOLLAND & HART LLP
9555 HILLWOOD DR., 2ND FLOOR
LAS VEGAS, NV 89134

HOLLAND & HART LLP
9555 HILLWOOD DR., 2ND FLOOR
LAS VEGAS, NV 89134

## PRAYER FOR RELIEF

WHEREFORE, Aristocrat respectfully prays for the following relief:

1. That the Court declare that Aristocrat's use and registration of Aristocrat's PAYDAY Marks for the Aristocrat Chance Game Offerings do not infringe any existing and valid trademark right of Defendants;
2. That the Court declare that Reg. Nos. 6420467, 6775952, 6831510 and 8355954 and Ser. Nos. 98865831, 98865835, 99164215, 99164218, 99591301, 99671373, 99895057, and 99895062 are not adversely affected by any right claimed by Defendants;
3. An award of damages in an amount to be determined at trial, together with interest as allowed by law; and
4. That the Court award such other and further relief as the Court deems just and proper.

DATED this 28th day of October 2026.

**HOLLAND & HART LLP**

*/s/ Bryce K. Kunimoto*
Bryce K. Kunimoto (Bar No. 7781)
9555 Hillwood Dr., 2nd Floor
Las Vegas, NV 89134
Tel: 702-669-4630
BKunimoto@hollandhart.com

*Attorneys for Plaintiffs*

## INDEX OF EXHIBITS

| Exhibit | Description | Bates |
|---|---|---|
| 1 | Defendants' United States-facing website (with annotations) | 1 – 7 |